

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2002

# Charles v. Tina D'Angelo Inc

Precedential or Non-Precedential:

Docket 99-1640

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Charles v. Tina D'Angelo Inc" (2002). *2002 Decisions.* Paper 60.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/60

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNREPORTED - NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 99-1640
_____

TYRONE A. CHARLES

Appellant,

v.

TINA D'ANGELO, INC., d/b/a TINA'S BRIDAL BOUTIQUE;
LEE WYCOFF, EXECUTOR OF THE ESTATE OF
TINA D'ANGELO-WYCOFF, DECEASED; LEE WYCKOFF

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 97-cv-04113)
District Judge:  The Honorable James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
JANUARY 22, 2002

BEFORE: NYGAARD and STAPLETON,  Circuit Judges,
and CAPUTO, District Judge.


(Filed                                                      )

_____

MEMORANDUM OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant, Tryone A. Charles, filed a suit against appellees contending that
they terminated a contract with him because he is an African-American. The matter was
tried before a jury which rendered a verdict in favor of the defendants. Charles filed a
timely motion for a new trial, which the District Court denied.

A preliminary issue is jurisdiction:  Appellant appeals from an entry of an

order dated July 8, 1999, denying his motion for a new trial. The final judgment was entered in favor of the defendants and against appellant on June 11, 1999. Appellees argue that he was required to file his notice of appeal within thirty days from the entry of the final order, that is to say, within 30 days of July 8, 1999. Inasmuch as he did not, they argue that his appeal is not timely and we do not have jurisdiction to consider it and should dismiss the appeal. We will not dismiss the appeal. See Fed. R. App. P. 4(A)(v). When Charles filed his motion for a new trial under Rule 59, the statute was tolled until such time as the Court denied it. Inasmuch as Charles appealed within thirty days of that order, the appeal is timely, and we will consider the appeal on its merits. Nonetheless, we find no merit in any of the issues or arguments raised by the appellant and we will affirm.

Charles raises a total of nine issues on appeal. None have any merit and we find it unnecessary to specifically discuss each of them. In essence, Charles received a fair trial. Moreover, he failed to produce any substantial evidence at trial that supported his claim of racial discrimination. The record shows that he presented no witness who indicated that Wyckoff terminated the contract based upon Charles's race. Indeed, Charles concedes that he introduced race into the discussions with Wyckoff, and that Wyckoff never mentioned race. The only evidence he presented of racial discrimination consisted of a pre-contract comment that Wyckoff supposedly made. There is nothing, however, to indicate that the comment, even if it was made, in any way affected the decisions made about Charles's performance. Indeed, appellees had a financial interest in seeing to it that Charles was successful in his performance of the contract.

Finally, there simply is no evidence of record that would support Charles's argument that the Court improperly charged the jury or improperly precluded him from introducing evidence. Charles simply never carried his burden of persuading the jury that the appellees did not discontinue the contract for the nondiscriminatory reasons they claimed, that is to say, the poor results achieved by appellant.

In sum, and for all of the foregoing reasons, we will affirm.

_____

TO THE CLERK:

      Please file the foregoing opinion.


                \_\_\_\_/s/ Richard L. Nygaard
                Circuit Judge